IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VILOX TECHNOLOGIES, LLC and VILOX, LLC,**<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>**ORACLE CORPORATION,**<br><br>　　　Defendant. | Case No. 6:22-cv-01254-JST<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**

Plaintiffs Vilox Technologies, Inc. and Vilox, LLC sued Defendant Oracle Corporation ("Oracle" or "Defendant"), alleging that Oracle directly and indirectly infringes U.S. Patent No. 6,760,720 ("the '720 patent") and U.S. Patent No. 7,188,100 ("the '100 patent") (referred to as the "Patents-in-Suit").[1] Oracle filed its Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on February 13, 2023 ("Motion").[2] For the reasons below, Vilox[3] respectfully files this Response ("Opposition") showing the Court that Defendant's Rule 12(b)(6) Motion should be denied because Vilox Technologies, Inc. ("Vilox") has plausibly stated a claim.

**I.    INTRODUCTION**

Oracle's argument that Vilox has failed to plausibly plead infringement in its Complaint

---

[1] Complaint, Doc. No. 1.
[2] Doc. No. 21.
[3] Plaintiffs do not oppose Oracle's motion to dismiss based on Fed. R. Civ. P. 12(b)(1), as to Vilox LLC.

1

unpersuasive. Oracle spends much of its Motion arguing the merits of Vilox's infringement claims, ignoring the fact that Vilox need only plausibly plead its claims in a complaint, which Vilox has done. Oracle's Motion attempts to turn a motion to dismiss into an argument on claim construction which cannot be condoned at the pleading stage.

In summary, the arguments raised in Oracle's Motion regarding Vilox's Complaint and the claim charts attached to it should be addressed at a later time, and should be disregarded at the pleading stage. Moreover, Vilox plausibly pled that Oracle put the accused instrumentalities as a whole into use, and benefits from each claimed element, which is the standard for direct infringement.

For all these reasons, Defendant Oracle's Motion should be denied. In the alternative, Vilox is respectfully asking for leave to file an amended complaint.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint only if the complaint "fail[s] to state a claim upon which relief can be granted." The question to be resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal courts threshold." *Skinner v Switzer*, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361

(5th Cir. 2021).

At the pleading stage, a plaintiff is not required to provide evidence beyond "stat[ing] a claim to relief that is plausible on its face." *Panasonic Corp. v. Magna Intl., Inc.*, 6:21-ev-00319-ADA, 2022 U.S. Dist. LEXIS 10040 at *5-6 (W.D. Tex. Feb 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Courts will not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint." *Id*. at *4 (quoting *Slyce Acquisition, Inc. v. Syte - Visual Conception*, 535 Ltd., 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)).

Based upon the assumption that all of the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the non-moving party pleads factual content that allows the court to reasonably infer that the moving party is liable for the alleged misconduct, then the claim is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. at 678. To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc*., 888 F.3d 1256, 1260 (Fed. Cir. 2018). "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260, *Qwikeash, LLC v. Blackhawk Network Holdings, Inc*., No. 4:19-CV-876-SDJ, 2020 U.S. Dist. LEXIS, at *7 (E.D. Tex. Nov. 17, 2020) (See, also, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021) (defendant has fair notice of a direct infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes.) However, "an element-by-element pleading of fact for each

asserted patent claim is not required."[4] Rather, all that is required is that a plaintiff "plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims."[5]

## I. VILOX'S COMPLAINT AND CLAIM CHARTS ADEQUATELY AND PLAUSIBLY ALLEGE DIRECT INFRINGEMENT OF THE PATENTS-IN-SUIT.

### A. Vilox's Complaint Provides Fair Notice to Oracle

To survive a 12(b)(6) motion in the contest of a patent infringement claim, a plaintiff must allege only facts "sufficient to place a potential infringer… on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930-31 (Fed. Cir. 2020)  Oracle's Motion acknowledges that Vilox identified two Oracle products of infringement - Oracle Database and Oracle ATG.[6] As set out in the claim charts attached to the Complaint,[7] Vilox alleges that Oracle has placed the accused products as a whole into service and benefits from each element, and thus is a direct infringer. The description of the accused products that embody the '607 patent and the '100 patent, combined with identification of Oracle as the direct infringer is sufficient to put Oracle on notice as to what it must defend. Nothing more is required. *Grecia v. McDonalds Corp.*, 724 Fed. App'x. 942, 946 (Fed. Cir. 2018); *In re Bill of Lading*, 681 F.3d at 1332 at 1340 (Fed. Cir. 2012).

### B. Vilox's Complaint Sufficiently Pleads Direct Infringement of the Patents In Suit

Under *Iqbal/Twombly*,[8] Vilox is required to "state a claim to relief that is plausible on its

---

[4] *Bowmar Archery LLC v. VIP Veteran Innovative Prods. LLC*, 2023 U.S. Dist. LEXIS 91, at *4 (W.D. Tex. Jan. 3, 2023).
[5] *Id.*
[6] Motion, Doc. No. 21, at 2, 7.
[7] Doc. Nos. 1-2, 1-3, 1-5, 1-6.
[8]  *Ashcroft v. Iqbal*, 556 U.S. 662, (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

face." The plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] Oracle's argument that Vilox's Complaint fails to meet the plausibility standard is unavailing.

Oracle contends that the factual allegations of direct infringement in Vilox's Complaint are insufficient to meet the pleading standard as to both patents because "Plaintiffs' direct infringement allegations span only two paragraphs in the Complaint. Compl. ¶¶ 9-10, 19-20", and then focuses on two sentences, representing them as Plaintiff's direct infringement allegations[10] But Oracle ignores the other allegations in the paragraphs it cites in which Vilox expounds on its infringement allegations for each patent:

> 8. The '720 patent relates to a novel and improved method and apparatus for conducting on-the-fly searches providing users with an intuitive mechanism for searching databases, allowing a user to access data in the database without having to know the structure of the database.
>
> 9. Oracle makes, uses, sells and/or offers for sale within this District and elsewhere in the United States and/or imports into this District and elsewhere in the United States, products or services that, among other features, includes receiving a selection of one or more databases, generating a list of data fields that include a descriptor indicating a data category, receiving a search selection for a data field from the list of data fields, determining a quantity of entries in the selected database field, determining if the number of entries in the database field is equal to or less than a specified number of entries or if the number of entries does not exceed the specified amount, and if in excess of the specified amount reducing the number of characters displayed to the user, that infringes one or more of claims 1-39 of the '720 patent, including one or more of those claims, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '720 patent into service (i.e., used them); but for Defendant's actions, the claimed-invention embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.
>
> 10. The Accused Instrumentalities are embodied in Oracle Database products and Oracle ATG Platform products and generally relate to retrieval, search, generation of results, and

---

[9] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.
[10] Doc. No.. 21, at p. 6-7.

> truncation of displayed characters performed within Oracle Database products and Oracle ATG Platform products.
>
> 11. Support for the allegations of infringement may be found in the charts attached as Exhibits B and C.
>
> 18. The '100 patent relates to a novel and improved method and apparatus for taking the results of a search using a search-on-the-fly search engine (or other search engine), generating a search result that includes descriptors of data categories, and creating a template that includes a link or path to one or more fields in one or more databases.
>
> 19. Oracle makes, uses, sells and/or offers for sale within this District and elsewhere in the United States and/or imports into this District and elsewhere in the United States, products or services that, among other features, includes receiving a database query, searching a database on-the-fly based on the query using a search-on-the-fly search engine (or other search engine), tweaking the received query to generate a defined query of the database, accessing the database using the defined query, generating a search result that includes descriptors of data categories, and creating a template that includes a link or path to one or more fields in one or more databases, that infringes one or more of claims 1-38 of the '100 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '100 patent into service (i.e., used them); but for Defendant's actions, the claimed-invention embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.
>
> 20. The Accused Instrumentalities are embodied in Oracle Database products and Oracle ATG Platform products and generally relate to retrieval, search, generation of results, and truncation of displayed characters performed within Oracle Database products and Oracle ATG Platform products.
>
> 21. Support for the allegations of infringement may be found in the charts attached as Exhibits E and F.
>
> 11

In addition, Vilox submits that it has alleged facts to support its claims for direct infringement of the '720 patent and the '100 patent, as made clear in the claim charts attached to its Complaint.[12] In them, Vilox maps the claims in each patent to the Oracle database and to

---

[11] Doc. No. 1.
[12] Doc. Nos. 1-2, 1-3, 1-5, 1-6.

the Oracle ATG.[13] Oracle then argues against infringement, based on its construction of the terms in the claims and its unsupported characterization of the support found in the material linked in the claim charts.[14]

Further, throughout its Motion, Oracle chooses to quote only a portion of the actual text in Plaintiff's claim charts, claiming that Vilox merely "parrots the claim language" in the charts[15] and asserting that Vilox fails to offer support for the elements of the claims.[16] However, contrary to Oracle's assertions, Vilox's allegations are not conclusory. Instead, the claim charts point to specific Oracle documentation that explains how the Oracle product infringes each claim. *See, e.g.,* Ex. B to Plaintiff's Complaint, at pp. 4-6 re the '720 patent; Ex. F to Plaintiff's Complaint, at pp. 13-14 re '100 patent.

Courts have found complaints sufficiently pleaded in circumstances similar to this one. For example, in *Disc Disease Solutions Inc. v. VGH Solutions, Inc*.[17], the Federal Circuit held that a complaint sufficiently pleaded direct infringement of claims directed to a spinal brace by "specifically identif[ying] the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleg[ing] that the accused products meet 'each and every element of at least one claim." That is the same pleading method Vilox employed here. Further, it is worth noting that the patents at issue here contain even fewer independent claims than the patent at issue in *Disc Disease*: the *Disc* Disease patent contained four independent claims, whereas the '720 patent contains two independent claims, and the '100 patent contains only one. Similarly, in *Repairify, Inc. v. Keystone Auto. Indust., Inc.*, 2022 U.S. Dist. LLEXIS

---

[13] Doc. Nos. 1-2, 1-3, 1-5, 1-6.
[14] Doc. No. 21, at 6-7.
[15] Doc. No. 21, at 8, 12.
[16] Doc. No. 21 at 8-13
[17] 888 F.3d 1256, 1260 (Fed. Cir. 2018).

118254, (W.D. Tex. July 6, 2022), this Court found sufficient a complaint alleging patent infringement where the "Complaint provided images and descriptions of the elements of the claims" more than met the pleading standard.[18]

*Vervain, LLC v. Micron Tech., Inc.*[19] does not support Oracle. The court in *Vervain* held the plaintiff to a "higher level of pleading" based on the complexity and novelty of the invention and the patents.[20]

### C. Plaintiff's Indirect Infringement Claims Are Sufficiently Pled

Oracle's only asserted ground for moving to dismiss Vilox's indirect infringement claim is Plaintiff's purported failure to adequately plead direct infringement.[21] Vilox contends it has adequately pled direct infringement. Therefore, if the Court denies Defendant's motion to dismiss Plaintiff's claims for direct infringement, it must deny Defendant's motion to dismiss Plaintiff's indirect infringement claims as well.

Here, Vilox has more than met the requirements at the pleading stage. Defendant's Motion to Dismiss should be denied.

### III. REQUEST TO FILE AMENDED COMPLAINT

Vilox believes that the allegations in its Complaint plausibly allege that Oracle infringed the '720 patent and the '100 patent. However, should the Court be inclined to grant any portion of Oracle's Motion, Vilox respectfully requests an opportunity to file an amended complaint to correct any identified pleading issues.

### IV. CONCLUSION

---

[18] *Repairify, Inc. v. Keystone Auto. Indust., Inc.*, 2022 U.S. Dist. LLEXIS 118254, *18 (W.D. Tex. July 6, 2022)
[19] 2022 U.S. Dist. LEXIS 54 (Jan. 3, 2022).
[20] *Vervain*, at *15.
[21] Doc. 21 at p. 13.

For all the above reasons, Vilox respectfully requests that the Court deny Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Vilox request the Court to grant leave for it to amend its Complaint.

Dated: February 27, 2023,                                        Respectfully Submitted

                                                                    **Ramey LLP**

/s/DRAFT
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for Lauri Valjakka*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of February 27, 2023, with a copy of the foregoing via ECF.

/s/ DRAFT
William P. Ramey, III

9