IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VILOX TECHNOLOGIES, LLC, and VILOX, LLC, ) ) ) | |
| Plaintiffs, ) ) | |
| V. ) ) ) | CIVIL ACTION NO. WA-22-CA-1254-FB FILED UNDER SEAL |
| ORACLE CORPORATION, ) ) ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF DELAWARE AND FURTHER ORDERS OF THE COURT**

Before the Court are Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (docket no. 21), Defendant's Opposed Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (docket no. 23), Plaintiffs' Motion for Venue Discovery (docket no. 25), Plaintiffs' opposition to Defendants' motion to dismiss (docket no. 28), Defendant's reply in support of its motion to transfer venue (docket no. 29), Defendant's opposition to Plaintiffs' motion for venue discovery (docket no. 30), and Defendant's reply to Plaintiffs' opposition to Defendant's motion to dismiss (docket no. 31). After careful consideration, the Court is of the opinion that Defendant's motion to transfer venue should be granted such that this case should be transferred to the United States District Court for the District of Delaware, Plaintiffs' motion for venue discovery should be denied, and Defendant's motion to dismiss should be left to the discretion of the Court to which this case is transferred.

Background

On February 10, 2023, Defendant in this patent infringement case filed a Motion to Transfer Pursuant to 26 U.S.C. § 1404(a) ("Transfer Motion") with its Unopposed Motion for Leave to File Under Seal. (Docket no. 20). The Certificate of Service reflects that Plaintiffs' counsel was served with

the Transfer Motion that same day. *Id.* at 3 (Certificate of Service dated February 10, 2023). The Court granted Defendant's Motion for Leave to File Under Seal on February 13, 2023. (Docket no. 22). Therefore, Plaintiffs' deadline to oppose the Transfer Motion was no later than February 27, 2023. *See* W.D. TEX. LOC. R. CV-7(d)(2) (explaining that time limit for filing response to motions other than discovery or case management motions "shall be filed not later than 14 days after the filing of the motion").

## Discussion

Defendant contends Plaintiffs failed to file an opposition by the deadline and asks the Court to grant the Transfer Motion as unopposed. Yet, Plaintiffs did file a one-page Motion for Venue Discovery on February 27, 2023. (Docket no. 25). However, the three-sentence "motion" does not seek relief from the Court, as required by Rule 7(b)(1)(C) of the Federal Rules of Civil Procedure. Nor does it contain a Certificate of Conference, as required by Rule CV-7(g) of the Local Rules for the Western District of Texas. Instead, Plaintiffs merely "inform this Court that Vilox will conduct venue discovery to retain this case in the Western District of Texas." (Venue Discovery Motion [Docket no. 25] at 1). The Court could deny the motion on these grounds alone.

Moreover, to the extent this filing could be construed as an opposition to the Transfer Motion, Plaintiffs' motion is at best "a fishing expedition." Plaintiffs do not attempt to show what facts Plaintiffs seek to obtain through venue discovery or show how those facts could be relevant to the venue analysis, as required by well established case law. *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 485 (2022) (affirming denial of jurisdictional discovery because plaintiff failed to "make clear which 'specific facts' he expects discovery to find"); *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (denying discovery where plaintiffs failed to "describe the discovery they contend should have been allowed, what facts they

hoped to obtain from such discovery, or how it would produce information that would support specific jurisdiction"). Without such a showing, any discovery would constitute no more than a fishing expedition and should be denied. *Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 WL 964204, at *6 (5th Cir. Mar. 30, 2022) (finding that "the district court was not required to authorize a fishing expedition for Getagadget to discover in the first instance whether or not it had actually been injured in Texas, the forum in which it would most prefer to pursue this suit"); *Broadway Nat'l Bank v. Plano Encryption Techs.*, LLC, 173 F. Supp. 3d 469, 481 (W.D. Tex. 2016) (denying venue discovery because facts sought were irrelevant to the venue analysis and constituted "a fishing expedition with no basis in the record").

Finally, even giving Plaintiffs the benefit of the doubt that they seek discovery in an effort to oppose the Transfer Motion, Defendant makes a persuasive argument that there is no venue discovery which would be relevant. The Transfer Motion is based on the documents filed in the record and the law on how such documents are treated. It is not based on any issues of fact that could be uncovered during discovery. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) ("[D]iscovery on matters of personal jurisdiction . . . need not be permitted unless the motion to dismiss raises issues of fact"); *CyWee Grp. Ltd. v. Google LLC*, No. 620CV00128ADAJCM, 2020 WL 10054402, at *4 (W.D. Tex. Aug. 20, 2020), *report and recommendation adopted*, No. 620CV000128ADAJCM, 2021 WL 2425999 (W.D. Tex. Feb. 17, 2021) (denying discovery where it was "unlikely additional discovery information on Google's contacts with Texas would add any "significant facts"). Accordingly, not only have Plaintiffs failed to identify any potentially relevant facts they seek, but any attempt to do so would be futile. For all these reasons, Plaintiffs' Motion for Venue Discovery is denied.

Rather than granting the Transfer Motion as unopposed, the Court turns to the merits of Defendant's arguments out of an abundance of caution. On February 2, 2023, pursuant to a settlement agreement, Defendant filed a declaratory judgment action in the District of Delaware pleading noninfringement of the '100 patent and the '720 patent and invalidity of the '100 patent. (Transfer Motion [docket no. 23] Ex. 1 at V.7); *see also Oracle Corp. v. Vilox Tech., LLC*, No. 21-00126-UNA (D. Del. Feb. 2, 2023). Defendant's Delaware complaint also pleads a claim against Plaintiffs for breach of the settlement agreement arising from, among other things, the alleged disregard of the agreement's exclusive jurisdiction provision through its filing of this lawsuit in the Western District of Texas. (*Id*).

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As an initial matter, Plaintiffs could have brought this action in Delaware. Plaintiffs admit in their complaint that Defendant is incorporated in Delaware. (Comp. [docket no. 1] at ¶ 3). The threshold requirement for transfer is thus satisfied.

Plaintiffs and Defendant also agreed to exclusive jurisdiction in the United States District Court for the District of Delaware. In 2016, Plaintiffs and Defendant entered into a settlement agreement in which they agreed that any future litigation between them regarding four patents–including U.S. Patent Nos. 7,188,100 ("the '100 patent") and 6,760,720 ("the '720 patent"), the patents asserted in this case–would be litigated exclusively in the District of Delaware. (Transfer Motion [docket no. 23] at Ex. 1). The Supreme Court has held that "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co. v. United States Dist. Ct.*, 571 U.S. 49, 63 (2013). Under this precedent, this Court must give no weight to Plaintiffs' choice of

-4-

forum, the private interest factors are deemed to weigh entirely in favor of Delaware, and the public interest factors can defeat transfer only if this case meets the "unusual cases" standard. *Id.*

As in *Atlantic Marine*, this is not such a case. *See id.* (reversing district court's failure to transfer because "[n]o exceptional factors appear to be present in this case"). The parties' forum selection clause is mandatory, not permissive. *Weber v. PACT XPP Tech, AG*, 811 F.3d 758, 768-71 (5th Cir. 2016) (explaining that forum selection clause is mandatory where it "contains clear language specifying that litigation must occur in the specified forum"). The forum selection clause is enforceable. *Id.* at 773 ("[A] forum-selection clause is prima facie valid.") (internal quotations omitted). This dispute is within the scope of the forum selection clause. (Transfer Motion [docket no. 23] at Exhibit 1, V.7) (explaining that clause governs "[a]ny disputes between the Parties relating to or arising out of this Agreement, and any future litigation between or among Oracle, the Oracle Customer Defendant, and Vilox regarding the Vilox Patents"). Finally, Delaware is a more convenient forum. *Atlantic Marine Constr. Co.*, ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). Accordingly, this is not an unusual case which would warrant retaining venue in Texas Western.

Moreover, each public interest factor is neutral or weighs in favor is the public interest factors are: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Here, each factor weighs in favor of a transfer or in neutral.

The administrative difficulties are neutral. While the median time to trial is faster in Texas Western than in Delaware (28.3 months in Texas Western compared with 36 months in Delaware), Delaware Judges have less cases pending per Judge (562 cases pending per Judge in Delaware compared with 841 in Texas Western) and the two Districts have approximately the same weighted filings per judgeship (845 filings in Texas Western and 873 filings in Delaware). Https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0630.2022.0.pdf.

The local interest factor is neutral. "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit." *In re Apple, Inc.,* 979 F.3d 1332, 1345 (Fed. Cir. 2020) (internal quotation omitted). Plaintiff's complaint alleges that both parties currently have their principal place of business in the Austin Division of the Western District of Texas. (Compl. [docket no. 1] at 1). Yet, "courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence." *Id.* at 1344.

The uncontroverted record reveals that events giving rise to this suit are not connected to Texas Western. The products accused of infringement were designed, developed, and first sold many years ago when Defendant maintained its headquarters in California. (Transfer Motion [docket no. 23] at Rutowski Decl. ¶¶ 7-9). And, Defendant's recent move of its headquarters to Austin in 2020 has no relation to the development of the products accused of infringement. *See* (*id.* at ¶ 6).

Additionally, the District of Delaware is more familiar with the law that will govern this case. While federal law governs the patent issues presented, Delaware law applies to Defendant's defenses and claims based on the settlement agreement. Because of the forum selection clause, transfer of this case to Delaware "will not carry with it the original venue's choice-of-law rules." *Atlantic Marine*, 571 U.S. at 64. Moreover, even if Texas choice of law rules did apply, "Texas generally honor contractual

choice-of-law provisions." *Invensas Corp. v. Samsung Elecs. Co.*, No. 2:17-cv-00670-RWS-RSP, 2018 WL 3862060, at *2 (E.D. Tex. Aug. 14, 2018). The parties chose Delaware law for resolving any disputes concerning the settlement agreement. (Transfer Motion [docket no. 23] at Ex. 1 at V.7). Delaware law thus applies for purposes of interpreting the settlement agreement and will determine the ultimate success of Defendant's agreement-based defenses and claims. As a result this factor favors a transfer. *Uniloc USA, Inc. v. Cisco Sys., Inc.*, No. 6:15-cv-1175-JRG, 2017 WL 959856, at *4 (E.D. Tex. Mar. 13, 2017) (transferring patent infringement case where transferree law applied to contract defense).

Finally, this case does not present any issues with conflict of laws or the application of foreign law. Accordingly, this last factor is neutral.

In sum, three of the public interest factors are neutral and one weighs in favor of a transfer. Thus, this case does not involve the "extraordinary circumstances" needed to outweigh the controlling weight of the forum selection clause. *Atlantic Marine*, 571 U.S. at 62.

The Court next turns to the interest of justice. If this case is not transferred, there will be two parallel cases pending before this Court and the District of Delaware. Defendant's Delaware action presents the mirror issues of this case: noninfringement of the '720 and '100 patents, invalidity of the '100 patent, and breach of contract claims based on the settlement agreement. (Transfer Motion [docket no. 23] at 11). It appears Plaintiffs "cannot challenge venue in Delaware given the parties' covenant not to do so in the settlement agreement, so that case must remain in Delaware regardless of whether this case is transferred." (*Id.*)

Judicial economy would also be best served by trying both cases in the same venue. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Court leads to the wastefulness of time, energy and money that § 1404(a) was designed

to prevent." *Continental Gram Co. v. the FBL-585*, 364 U.S. 19, 26 (1960). Thus, the interests of justice warrant a transfer to the District of Delaware.

Finally, the Court turns to Defendant's Rule 12(b)(1) and 12(b)(6) motion to dismiss. This motion shall be left to the sound discretion of the Court to which this case is transferred.

## Conclusion

IT IS THEREFORE ORDERED that Defendant's Opposed Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (docket no. 23) is GRANTED such that the above styled and numbered cause is TRANSFERRED to the United States District Court for the District of Delaware.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Venue Discovery (docket no. 25) is DENIED;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) (docket no. 21) is DEFERRED to the sound discretion of the transferree court.

IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 17th day of March, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE