Dr. Joseph L. DeBellis, MD

Vilox Technologies, LLC

282 Edge of Woods Rd., Southampton, NY 11968

May 4, 2023

FILED
2023 MAY -5 AM 10:35
CLERK U.S. DISTRICT COURT

Judge Maryellen Noreika

United States District Court

844 North King Street, Unit 18

Wilmington, DE 19801-3570

Subj: Patent Case Nos. 1:23-cv-00126-MN and 1:23-cv-00302-MN

Dear Judge Noreika:

I am writing you to provide as complete an explanation as I can regarding events that have culminated in my attorney, Ramey LLC, seeking to dismiss a complaint (Case 00302) before your court and to withdraw from representation of my company, Vilox Technologies, LLC ("Vilox") in both Cases 00126 and 00302.

Vilox, of which I am the sole owner, signed an engagement agreement with Ramey LLC (principal being William Ramey) in 2022 to file patent infringement complaints against Oracle Corporation and Salesforce, Inc. in the Western District of Texas. Both complaints were to be prosecuted on a contingency fee basis, with Ramey LLC paid up to 50% of the gross receipts, and having its expenses paid out of Vilox's 50% share. Thus, the engagement agreement requires Ramey LLC to pay all expenses, including local counsel fees "up front," with reimbursement to follow after judgment or settlement. The engagement further requires Ramey LLC to provide Vilox with a 30-day notice in the event Ramey LLC desires to terminate the agreement. Pursuant to the agreement, both complaints were filed in December 2022.

In response to the Vilox complaint against Oracle, Oracle filed a Declaratory Judgement Complaint (Case 00126) in Delaware and moved to have the patent infringement complaint transferred from Texas to Delaware, which the Texas court granted (now Case 00302). The Salesforce complaint remains in Texas.

As a result of the Declaratory Judgment Complaint and the transferred patent infringement complaint, Ramey LLC needed to find local counsel in Delaware, and asked one of my attorneys for local counsel recommendations, which was promptly provided on March 28,

2023. However, Ramey LLC either did not try to find local counsel, or could not find local counsel willing to work on a contingency fee basis.

    On April 19, 2023, Bill Ramey sent me an email stating he intended to withdraw and gave me one week to find local counsel in Delaware. This statement clearly violates the 30-day notice provision of the engagement agreement. I sent Bill Ramey an email on April 20 to find out the basis for withdrawal, and finally, in a May 1 email, Bill Ramey said he was withdrawing because of "irreconcilable differences" between Vilox and Ramey LLC. That May 1 email was the first indication of any "differences." In subsequent email, Bill Ramey alluded to "differences in strategy." To be clear, other than discussing filing two complaints in Texas, at no time did I or any person working on my behalf have any discussion about strategy, or any strategic differences. Bill Ramey did, however, indicate that Oracle was willing to offer a "walk away settlement of a few thousand dollars." But I specifically told Bill Ramey prior to filing the Oracle complaint that I wanted to take the case to trial or at least to the point where Vilox could receive a reasonable settlement. Bill Ramey signed up with that strategy. I rejected the "walk away settlement." My view is that Bill Ramey is making this claim of "irreconcilable differences" in an effort to convince you to allow withdrawal. Clearly, Bill Ramey does not want to front the expenses that will come with continuing prosecution of the complaint in Delaware. In fact, in another May 1 email, Bill Ramey states "I have not been able to locate counsel that is interested in a contingency case." I suspect that Bill Ramey did not make any effort to find local counsel because he knew he would have to pay such local counsel on a non-contingency basis. He would be happy to take his cut of the "walk away settlement."

    Aside from the issues noted above, the complaints filed by Ramey LLC were not properly captioned (they included Vilox, LLC as a plaintiff), despite the fact that we pointed out this error to Ramey LLC during a review of a draft of the complaint. When we then pointed out the error in the filed complaints, Bill Ramey sent a petulant email to one of my attorneys pointing out that the attorney "was not the client," and implying that he, Bill Ramey, did not want to hear from the attorney. I tell you this because Bill Ramey often became argumentative and often was unresponsive to our requests for information. Bill Ramey also did not keep me properly apprised as to the status of the complaints. For example, Bill Ramey did not tell me he was having difficulty finding Delaware local counsel until 11 days after the April 19 email noted above.

    Finally, I recently returned from Ukraine, where I was providing medical assistance to the Ukrainian people. In my absence, one of my attorneys was available to discuss matters with Bill Ramey. Thus, at no time was Bill Ramey without access to me or one of my attorneys.

    Finally, along with this letter, I have provided two Motions to Stay one for each case, in the hope that you will grant at least a fourteen-day stay on any pending matters to give me time to find local counsel, or otherwise pursue the cases. None of this would have been necessary had Bill Ramey simply done his job and lived up to the engagement agreement he and I signed.

I am available to provide any additional information you may request or to answer any questions.

Sincerely,

Joseph L. DeBellis, MD

100% Recycled fiber
80% Post-Consumer

Visit **UPS.com**

**Apply shipping documents on this side.**

**Scan QR code to schedule a pickup**

This envelope is for use with the following services: **UPS Next Day Air®**, **UPS Worldwide Express®**, **UPS 2nd Day Air®**

... is envelope for: **UPS Ground**, **UPS Standard**, **UPS 3 Day Select®**, **UPS Worldwide Expedited®**

**Domestic Shipments**

- To qualify for the lett... ...ss® envelopes may only contain correspondenc... ...nd/or electronic media, and must v... 8 oz. o... ...taining items other than those lis... by weight.

**In...**

- T... ...for documents of no comm... va... ...edia as documents. Visit ups... ...nt is classified as a docum...
- To qua... ...lope must weigh 8 oz. o... UPS ex... ...will be billed by weight

**Note:** UPS ... ...or shipments of electronic me... ...on or breakable it... Do not send c...

UNITED STATES DISTRICT COURT
844 N KING ST
UNIT 18
WILMINGTON DE 19801
I: RG
X
1030
P: ORANGE S: LEFT
525 — 1022
1534
1Z0520A8015833 MAY 5 07:57:09 2023
FKU9HZJ DENEW723UDC ZEBRAZT410
US 1972 HIP 23.3.0

JOSEPH DE BELLIS
(631) 431-6401
THE UPS STORE #5316
81 NEWTOWN LN
EAST HAMPTON NY 11937-2402

0.3 LBS LTR 1 OF 1
SHP WT: LTR
DATE: 04 MAY 2023

SHIP TO: UNITED STATES DISTRICT COURT
UNIT 18
844 N KING ST

WILMINGTON DE 19801-3519

DE 197 9-25

UPS NEXT DAY AIR 1

TRACKING #: 1Z 052 0A8 01 5833 1534

BILLING: P/P

RECEIVED
MAY - 5 2023

ISH 13.00F ZZP 450 15.5V 04/2023

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.
RRD RF2 1222

## Window Envelope

Use this envelope with shipping documents printed from a laser or inkjet printer on plain paper. Insert shipping documents under window from the top.

Serving you for more than 110 years
United Parcel Service.®

International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

For information about UPS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com

0101951033 04/21 PAC United Parcel Service


