# Morris, Nichols, Arsht & Tunnell LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

BRIAN P. EGAN
(302) 351-9454
(302) 498-6216 FAX
began@morrisnichols.com

June 2, 2023

The Honorable Maryellen Noreika            *VIA ELECTRONIC FILING*
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

Re:   *Oracle Corporation v. Vilox Technologies, LLC*, C.A. No. 23-126 (MN)
      *Vilox Technologies, LLC, et al. v. Oracle Corporation*, C.A.No. 23-302 (MN)

Dear Judge Noreika:

We write in response to the Court's May 30, 2023 Order ("Order") that directed Oracle Corporation ("Oracle") to address whether Vilox Technologies, LLC or Vilox LLC have "standing" as plaintiffs or defendants in the above-captioned matters following Vilox's alleged assignment of the patents-in-suit to Dr. Joseph L. De Bellis, the president and CEO of Vilox Technologies. *Oracle v. Vilox*, D.I. 21; *Vilox v. Oracle*, D.I. 52.[1]

On the same day that the Order issued, Dr. De Bellis filed a motion in both cases to intervene and to substitute himself as plaintiff and defendant in place of the Vilox entities pursuant to Federal Rule of Civil Procedure 25. *Oracle v. Vilox*, D.I. 23; *Vilox v. Oracle*, D.I. 53. Based on Dr. De Bellis' motion, the assignment he attached thereto, and Oracle's forthcoming response (to be filed by the applicable deadline, June 13), the Court will need to decide which party—Vilox Technologies, Dr. De Bellis, or both—is the proper party(ies) to these cases. Oracle will fully brief that issue in its response to Dr. De Bellis' motion. But in the meantime, the Court continues to have subject-matter jurisdiction while the Court decides the proper parties to the continuing cases under Rule 25(c).

---

[1]   With respect to Vilox LLC, Oracle moved in February of this year to dismiss Vilox LLC from the *Vilox v. Oracle* case for lack of standing. D.I. 21. That motion is unopposed and remains pending. D.I. 28 at n.3; D.I. 31 at 1; D.I. 42. Thus, it is Oracle's position that Vilox LLC never had, and thus does not have, standing as a plaintiff in the *Vilox v. Oracle* case for the reasons detailed in that motion. Vilox Technologies' patent assignment to Dr. De Bellis does not impact that unopposed motion. Vilox LLC is not a party to the *Oracle v. Vilox* case.

The Honorable Maryellen Noreika                                                                                                Page 2
June 2, 2023

Rule 25(c) provides: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c); *see also* § 1958 Transfer of Interest in Action, 7C Fed. Prac. & Proc. Civ. § 1958 (3d ed.) ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party…."). Courts in this district have held that, so long as the court had subject matter jurisdiction over a claim when suit was filed, Rule 25(c) provides a procedural mechanism for the action to continue following a subsequent transfer of the patents-in-suit to another person. Such is the case here. It is undisputed that Vilox Technologies had standing as a plaintiff at the time it sued Oracle and that Vilox Technologies was properly named as a declaratory judgment and breach of contract defendant at the time Oracle sued Vilox. Dr. De Bellis seeks to continue the cases against and by Oracle as the purported assignee of the patents. Thus, the claims and subject matter jurisdiction survive.

Courts in this district have interpreted Rule 25(c) in this manner. For example, in *Abbott Lab'ys v. Roxane Lab'ys, Inc.*, No. CIV.A. 12-457-RGA, 2013 WL 2322770, at *12 (D. Del. May 28, 2013), report and recommendation adopted, No. CV 12-457-RGA-CJB, 2013 WL 12173929 (D. Del. June 18, 2013), the court denied a defendant's motion to dismiss the complaint for lack of subject matter jurisdiction following the patent owner's transfer of the patents-in-suit mid-litigation. The court rejected the defendant's argument that the court "irretrievably lost subject matter jurisdiction" the moment the original plaintiff "ceased to have an interest" due to the patent assignment, explaining that "subject matter jurisdiction remained and only ownership of the chose in action was transferred." *Id.* (quoting *Gen. Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 262 (D. Del. 1982)). The court elaborated that Rule 25(c) "was designed to facilitate the conduct of a case by allowing an action to continue unabated when an interest in a lawsuit changes hands, avoiding the need to initiate a new action." *Id.* The court thus held that Rule 25(c) "permits the court to continue to hear a case where the action survives but the original party has transferred interest in the litigation to another." *Id.*; *see also United Access Techs., LLC v. EarthLink, Inc.*, C.A. No. 02-272-MPT, 2012 WL 2175786, at *4 (D. Del. June 14, 2012).

The Court should follow this ruling here, where Vilox Technologies did not lack standing as an original plaintiff and the Court retains subject-matter jurisdiction. The same holds true for Oracle's declaratory judgment and breach of contract action against Vilox Technologies. When Oracle filed its declaratory judgment complaint, Vilox Technologies was the assignee of the patents-in-suit and had filed infringement claims against Oracle. Because there was an "actual controversy" when Oracle filed suit, which Dr. De Bellis seeks to continue, Vilox Technologies' subsequent assignment did not divest the Court of subject-matter jurisdiction.

In sum, this Court did not lose its subject matter jurisdiction over these cases due to Vilox Technologies' assignment of the asserted patents because Vilox Technologies had standing to bring its infringement claims, and was properly named as a declaratory judgment defendant, when it originally filed suit and when Oracle filed its declaratory judgment action. And now Dr. De Bellis seeks to continue the actions through intervention and substitution. Accordingly, subject matter jurisdiction continues and, under Rule 25(c), the Court can determine the appropriate parties to this ongoing dispute in connection with Dr. De Bellis' motion.

The Honorable Maryellen Noreika  Page 3
June 2, 2023

        Sincerely,

        */s/ Brian P. Egan*

        Brian P. Egan

BPE/bac

cc: All Counsel of Record (via electronic mail)