IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and VILOX, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 23-302 (MN) |
| VILOX TECHNOLOGIES, LLC, | ) ) | **CONFIDENTIAL –** **FILED UNDER SEAL** |
| Defendant. | ) | |
| ORACLE CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 23-126 (MN) |
| VILOX TECHNOLOGIES, LLC, | ) ) | **CONFIDENTIAL –** **FILED UNDER SEAL** |
| Defendant. | ) | |

**ORACLE CORPORATION'S RESPONSE TO JOSEPH L. DE BELLIS'S MOTION TO INTERVENE AND SUBSTITUTE UNDER FED. R. CIV. P. 24 AND 25**

OF COUNSEL:

Jared Bobrow
Diana Rutowski
Jason Yu
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
(650) 614-7400

Kristina D. McKenna
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA  02116
(617) 880-1800

June 13, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Plaintiff Oracle Corporation*

TABLE OF CONTENTS

Page

I.    NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

II.   SUMMARY OF ARGUMENT ...................................................................................... 1

III.  BACKGROUND .......................................................................................................... 2

IV.   ARGUMENT ............................................................................................................... 5

V.    CONCLUSION ........................................................................................................... 10

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraxis BioScience, Inc. v. Navinta LLC*,
  2009 WL 904043 (D.N.J. Mar. 30, 2009)..................................................................................8

*Baymont Franchise Sys. v. Bernstein Co., LLC*,
  2019 U.S. Dist. LEXIS 238744 (D.N.J. Dec. 13, 2019), *reconsid. denied*,
  2020 U.S. Dist. LEXIS 106540 (D.N.J. June 17, 2020) ............................................................9

*DLC DermaCare LLC v. Castillo*,
  2012 U.S. Dist. LEXIS 160278 (D. Ariz. Nov. 8, 2012) ............................................................9

*Eastman Chem. Co. v. Alphapet Inc.*,
  2011 WL 13054223 (D. Del. Dec. 9, 2011)................................................................................8

*Klausner Techs., Inc. v. Applied Voice & Speech Techs., Inc.*,
  Case No. 6:11-CV-231, 2013 WL 12169390 (E.D. Tex. Mar. 25, 2013) ..................................8

*Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*,
  13 F.3d 69 (3d Cir. 1993) .......................................................................................................5, 8

*Mars, Inc. v. JCM Am. Corp.*,
  No. 05-3165 (RBK), 2007 WL 776786 (D.N.J. Mar. 9, 2007)...................................................7

*Med. Supply Chain, Inc. v. Neoforma, Inc.*,
  2006 U.S. Dist. LEXIS 55500 (D. Kan. Aug. 7, 2007), *reconsid. denied*, 322
  F. App'x 630 (10th Cir. 2009) ...................................................................................................9

*Monolithic Power Sys., Inc. v. Intersil Corp.*,
  2019 WL 635401 (D. Del. Feb. 12, 2019).................................................................................5

*Oracle Corp. v. Vilox Techs., LLC*,
  C.A. No. 23-126 (MN), D.I. 22 ....................................................................................... *passim*

*Purdue Pharma L.P. v. Amneal Pharms., LLC*,
  2018 WL 3725772 (D. Del. Jul. 25, 2018) .........................................................................5, 6, 7

*Serconet, Ltd., v. Asoka USA, Inc.*,
  5:05-CV-167, Dkt. 100 (E.D. Tex. July 28, 2010) ....................................................................8

*Vilox Technologies, LLC, et al. v. Salesforce, Inc.*,
  C.A. 6:22-cv-01255-FB ..............................................................................................................4

*Vilox Technologies, LLC et al. v. Salesforce, Inc.*,
    C.A. No. 6:22-cv-01255, D.I. 1 (W.D. Tex. 2022) ................................................6

*Vilox Techs., LLC et al. v. Oracle Corp.*,
    C.A. No. 23-302 (MN), D.I. 53 .............................................................1, 2, 10

*Vilox Techs., LLC et al. v. Oracle Corp.*,
    C.A. No. 6:22-cv-01254-FB, D.I. 1 ................................................................2

**Other Authorities**

6 James Wm. Moore, et al., Moore's Federal Practice § 25.34[3] (3d ed. 2011) ...........................5

**Rules and Statutes**

Fed. R. Civ. P. 12 ..............................................................................................2, 3

Fed. R. Civ. P. 24 ...................................................................................................1

Fed. R. Civ. P. 25 ...................................................................................... *passim*

Local Rule 83.5 ......................................................................................................3

## I.      NATURE AND STAGE OF THE PROCEEDINGS

Oracle Corporation ("Oracle") files this brief in response to Dr. Joseph L. De Bellis's Motion to Intervene Under Federal Rule of Civil Procedure 24 and Substitute Under Federal Rule of Civil Procedure 25 in two related cases: *Oracle Corp. v. Vilox Techs., LLC*, C.A. No. 23-126 (MN), D.I. 22 ("the '126 Case"); *Vilox Techs., LLC et al. v. Oracle Corp.*, C.A. No. 23-302 (MN), D.I. 53 ("the '302 Case").  For the reasons below, Oracle does not oppose Dr. De Bellis's motion to intervene but does oppose his substitution for Plaintiff Vilox Technologies, LLC ("Vilox").[1]

## II.     SUMMARY OF ARGUMENT

1.      Oracle does not oppose Dr. De Bellis's motion for intervention.  De Bellis attaches to his motion an assignment from Vilox that purports to assign to him rights and liabilities in connection with the patents-in suit.  He should thus be joined as a party to both the '126 and '302 Cases.

2.      Oracle opposes the motion for substitution.  Without discovery, it is not possible to know the full extent to which Vilox maintains rights and liabilities in connection with the patents-in-suit.  For example, Vilox and Dr. De Bellis may have a side agreement that licenses the patents back to Vilox, that restricts alienation of the patents, that conditions enforcement of the patents, or that splits the recovery of any damages.  But even without discovery, we know that Vilox maintains an interest in the patents-in-suit because it continues to assert the very same patents in another pending lawsuit against a different entity.  Moreover, substitution would be improper because Oracle asserts a breach of contract claim against Vilox, not Dr. De Bellis.  Dr. De Bellis has made no showing that he assumed or could have assumed all rights and liabilities in connection with that

---

[1] Oracle and Vilox agree that Plaintiff Vilox LLC lacks standing in the '302 Case and, as such, should be dismissed from that action as detailed below.  *See infra* § III.

claim.  Nor has he shown that Oracle would not be prejudiced in recovering damages on its breach claim in the event that Vilox is out of the case.  Joinder, not substitution, would best facilitate the fair and efficient administration of these cases and is within the discretion of this Court.

Oracle thus requests that the Court grant-in-part and deny-in-part Dr. De Bellis's motion and join him as a party to these cases.

## III.   BACKGROUND

Vilox and a company called Vilox LLC (together, "the Vilox Plaintiffs") filed a complaint against Oracle in the Western District of Texas on December 5, 2022, purporting to state claims for direct and indirect infringement of U.S. Patent Nos. 6,760,720 and 7,188,100.  *Vilox Techs., LLC et al. v. Oracle Corp.*, C.A. No. 6:22-cv-01254-FB, D.I. 1.  The initiation of this litigation in Texas caused Oracle to take three actions.

First, on February 2, 2023, pursuant to a 2016 settlement agreement ("Agreement") between Vilox and Oracle, Oracle filed the '126 Case in this District, pleading (1) a claim for a declaration of noninfringement of the '100 and '720 patents, (2) a claim for a declaration of invalidity of the '100 patent, and (3) a breach of contract claim against Vilox for breach of the Agreement.  *Oracle Corp. v. Vilox Techs., LLC*, C.A. No. 23-126 (MN), D.I. 1.

Second, on February 9, 2023, Oracle moved to transfer the Texas case to Delaware.  *Vilox Techs., LLC et al. v. Oracle Corp.*, C.A. No. 23-302 (MN), D.I. 23.  The Texas court granted that motion and transferred the case to this District on March 17, 2023.  *Vilox*, D.I. 32.

Third, on February 13, 2023, while the transfer motion was still pending, Oracle moved to dismiss the Texas complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), demonstrating that Plaintiff Vilox, LLC lacked Article III standing and that the complaint failed to state a plausible claim for direct and indirect infringement under either patent.  *Vilox*, D.I. 21.

The Vilox Plaintiffs did not oppose Oracle's motion based on Rule 12(b)(1), effectively conceding that Vilox LLC lacks standing. *Vilox*, D.I. 28 at 1 n.3. That motion, unopposed in part, remains pending and is ripe for resolution. *Vilox*, D.I. 28 at 1 n.3, D.I. 31 at 1, D.I. 42.[2]

Following transfer of the Texas action to this Court, the Vilox Plaintiffs failed to obtain Delaware counsel within the time required by Local Rule 83.5. *Vilox*, D.I. 43. On April 28, 2023, the Court ordered the Vilox Plaintiffs to submit a status report detailing their efforts to obtain Delaware counsel by May 5, 2023. *Id.* On May 3, 2023, before any status report was submitted, the Vilox Plaintiffs' Texas counsel ("Ramey") moved to withdraw from the case, citing "irreconcilable difference in litigation strategy" between himself and the Vilox Plaintiffs. *Vilox*, D.I. 44, 46 (motion renewed following denial with leave to renew); *Oracle* D.I. 14, 16 (motion renewed following denial with leave to renew). That motion remains pending. On May 5, 2023, Dr. De Bellis, purportedly as the sole owner of Vilox, filed: (1) a motion to stay proceedings as he searches for new counsel, and (2) a letter attempting to explain to the Court the circumstances leading to his counsel's withdrawal motion and his failure to obtain Delaware counsel, primarily citing fee disputes between Vilox and its attorney. *Vilox*, D.I. 47, 48; *Oracle*, D.I. 17, 18. Also on May 5, 2023, Ramey filed a status report detailing his failed attempts to secure Delaware counsel. *Vilox*, D.I. 49. On May 15, 2023, the Court struck Dr. De Bellis's motion to stay, explaining that "[c]orporations may appear in federal court only through licensed counsel." *Vilox*, D.I. 50; *Oracle*, D.I. 19. The Court further ordered the Vilox Plaintiffs to obtain Delaware counsel on or before May 30, 2023. *Id.* "Failure to do so," the Court held, "may result in sanctions, including but not limited to, dismissal of the action for failure to prosecute." *Id.* The Vilox

---

[2] Dr. De Bellis states no position on Vilox LLC's standing, but the Patent Assignment on which his motion for intervention and substitution depends refers only to Vilox Technologies, LLC. *See Vilox* D.I. 54 at 3, D.I. 54-1 at 1; *Oracle* D.I. 23 at 3, D.I. 23-1 at 1.

Plaintiffs again contacted the Court without Delaware counsel on May 25, 2022, leading the Court to order the Vilox Plaintiffs "for the third time" to obtain Delaware counsel on or before May 30, 2023. *Vilox*, D.I. 51; *Oracle*, D.I. 20.

On May 30, 2023, Ramey sent a letter to the Court explaining that the Vilox Plaintiffs were unable to obtain Delaware counsel. *See Oracle*, D.I. 21; *Vilox* D.I. 52. Ramey also stated that the Vilox Plaintiffs no longer have standing because "the rights to the patents-in-suit" have been transferred to Dr. De Bellis, whom Ramey does not represent. *See Oracle*, D.I. 21; *Vilox* D.I. 52. On that same day, Dr. De Bellis filed the instant motion seeking to intervene and to substitute himself as plaintiff and defendant in place of the Vilox entities pursuant to Federal Rule of Civil Procedure 25. *Oracle* D.I. 22; *Vilox* D.I. 53. Dr. De Bellis attached to his motion a two-page "Patent Assignment" executed by himself and Vilox, purporting to assign to Dr. De Bellis "the entire right, title, and interest in and to" the '100 and '720 patents, "including the right to sue for and collect for any past, current, and future infringement thereof." *Oracle* D.I. 23; *Vilox* D.I. 54. Despite arguing (incorrectly)[3] that "Vilox no longer has standing to sue for patent infringement of the asserted patents" here, the Vilox Plaintiffs continue to assert those same patents in other litigation against a different entity. *See, e.g.*, *Vilox Technologies, LLC, et al. v. Salesforce, Inc.*, C.A. 6:22-cv-01255-FB; *see also Vilox* D.I. 5 (identifying *Salesforce* as a related case to the *Vilox* action). No similar motion for intervention and substitution has been filed there. Nor have the Vilox Plaintiffs themselves filed or attempted to file anything requesting to be dismissed from these cases.

---

[3] *See Oracle* D.I. 24; *Vilox* D.I. 55 (Oracle's response to the Court's Order regarding Vilox Plaintiffs' standing).

On June 9, 2023, Vilox attempted to answer Oracle's complaint.[4]  Despite the multiple Court orders to retain Delaware counsel, Vilox apparently failed to do so and merely emailed its Answer to the Court and forwarded a copy to Oracle.

## IV.    ARGUMENT

"[T]he decision as to whether to grant a Rule 25(c) motion 'is generally within the district court's discretion.'"  *Purdue Pharma L.P. v. Amneal Pharms., LLC*, 2018 WL 3725772, at *2 (D. Del. Jul. 25, 2018) (quoting *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993)).  "In examining a Rule 25(c) motion, the Court must first analyze 'the respective rights and liabilities among the parties and the transferee under the substantive law governing the case,' and then must determine 'whether it would best facilitate the conduct of the case to have the transferor remain in the case, substitute the transferee, or join the transferee and continue with both as parties."  *Monolithic Power Sys., Inc. v. Intersil Corp.*, 2019 WL 635401, at *1 (D. Del. Feb. 12, 2019) (quoting 6 James Wm. Moore, et al., Moore's Federal Practice § 25.34[3] (3d ed. 2011)).  Here, both considerations support denying Dr. De Bellis's motion for substitution and, instead, joining him as a party to each case pursuant to his motion to intervene.

For purposes of this Opposition, Oracle does not dispute that, through the Patent Assignment, Dr. De Bellis purports to have obtained certain rights and liabilities regarding the '100 and '720 patents.  For that reason, Oracle does not object to Dr. De Bellis's intervention as a plaintiff in the *Vilox* '302 Case or as a defendant in the *Oracle* '126 Case.  However, even after the purported assignment, Vilox should remain as a party to these actions.

---

[4] Vilox's response was originally due on April 10, 2023, but Oracle agreed to Vilox's request for a 60-day extension until June 9, 2023.  *Oracle*, D.I. 13.

To begin, Vilox's conduct post-assignment demonstrates that it continues to have an interest in the patents-in-suit. Indeed, following the assignment, Vilox continues to assert the '100 and '720 patents in at least one case outside of this District against an entity unrelated to Oracle. *See Vilox Technologies, LLC et al. v. Salesforce, Inc.*, C.A. No. 6:22-cv-01255, D.I. 1, (W.D. Tex. 2022). Dr. De Bellis has made no attempt to intervene and substitute into that action. In addition, it is possible that the Patent Assignment was made in connection with an agreement between Vilox and Dr. De Bellis that gave Vilox rights under the Vilox patents, such as a license back to Vilox under the Vilox patents, conditions on Dr. De Bellis's freedom to enforce the patents, restrictions on Dr. De Bellis's ability to freely alienate the patents, or rights to a portion of any damages recovery. Moreover, while Vilox denies that it is the sole assignee of the '100 and '720 patents in its Answer to the '126 Complaint, no record of any assignment to Dr. De Bellis has been recorded with the United States Patent and Trademark Office as of this filing.

In situations like this, "[w]here questions remain as to the extent of the transfer of an ownership interest in the patents-in-suit," joinder is preferred over substitution. For example, in *Purdue Pharma L.P. v. Amneal Pharm.*, LLC, CV 15-1152-RGA-SRF, 2018 WL 3725772, at *3 (D. Del. July 25, 2018), the court denied substitution where "questions of fact remain[ed] regarding the ownership interests of [the original party] and [the transferee], and the implications of those ownership interests." *Id.* The same is true here. The record is insufficient to determine exactly which rights and obligations were transferred to Dr. De Bellis and which rights and obligations remain with (or will be licensed back to) Vilox.

Beyond the Patent Assignment, Oracle's '126 Case includes a breach of contract claim against Vilox, not Dr. De Bellis. Those claims stem from a 2016 Settlement Agreement ("Agreement") between Oracle and Vilox to which Dr. De Bellis is not a party. *See Oracle* D.I. 1

¶¶ 16-18.  Oracle claims that Vilox breached the Agreement by: 1) filing a complaint in Texas when it had contractually agreed to litigate any future disputes regarding the patents-in-suit in Delaware, and 2) citing the prior litigation with Oracle as a basis for its claims of induced and contributory infringement when it had agreed not to use the prior litigation, or any notice or knowledge associated therewith, as a basis for any claim for damages or relief in any other litigation.  *See id.* ¶¶ 40-43.   The terms of that prior Agreement indicate that Dr. De Bellis neither could have assumed nor did assume all liability and obligations stemming from it such that he could substitute into Vilox's place in the '126 Case.  *See, e.g.*, D.I. 2-1 at IV.1.  Specifically, the Assignment provision of that Agreement states that "This Agreement is personal to the Parties, and no Party may assign this Agreement or any right or obligation under this Agreement without the prior written consent of the other Parties."  *Id.*  No documents suggesting that any such assignment of the Agreement took place have been produced, nor did Vilox receive any consent from Oracle.  *Id.*  The Agreement continues that "[n]otwithstanding the above, this Agreement may be assigned, in whole or in part, by any Party without the other Parties' consent as part of a sale or transfer of substantially all of the assets to which this Agreement relates, or its business."  *Id.*  Again, there is no evidence that such an assignment, sale, or transfer occurred.  Further, even assuming arguendo that Dr. De Bellis could have assumed and did assume that liability, Dr. De Bellis has provided Oracle no assurance that he has the financial resources to satisfy a monetary judgment on Oracle's breach of contract claims, any counterclaims Oracle may bring, or any request for attorneys' fees that Oracle may make.

Courts in this Circuit and others have consistently denied substitution when claims against the original plaintiff are asserted.  For example, in *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165 (RBK), 2007 WL 776786, at *2 (D.N.J. Mar. 9, 2007), the Court denied substitution due to

"uncertainty over the rights and interests in the patents-in-suit," including as related to pending counterclaims based on those patents and the nonmovant's ability to recover any financial judgment against the transferee. *See also Klausner Techs., Inc. v. Applied Voice & Speech Techs., Inc.*, Case No. 6:11-CV-231, 2013 WL 12169390, at *1 (E.D. Tex. Mar. 25, 2013) (rejecting plaintiff's motion to substitute because it would prevent defendants from pursuing their counterclaims); *Serconet, Ltd., v. Asoka USA, Inc.*, 5:05-CV-167, Dkt. 100 at 2 (E.D. Tex. July 28, 2010) (rejecting plaintiff's motion to substitute in light of defendant's counterclaims against plaintiff). Likewise, Oracle should not be prevented from pursuing its claims against Vilox.

Vilox also should remain in the cases to aid discovery. In making a determination under Rule 25(c), a court must consider how joinder or substitution would impact the efficient conduct of the litigation. *See Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993) (noting that a party may be joined if its presence "would facilitate the conduct of the litigation"). One of the factors bearing on the efficiency of the litigation is the impact of joinder or substitution on discovery. *See Eastman Chem. Co. v. Alphapet Inc.*, 2011 WL 13054223 (D. Del. Dec. 9, 2011); *Abraxis BioScience, Inc. v. Navinta LLC*, 2009 WL 904043, at *5–6 (D.N.J. Mar. 30, 2009). As related to Oracle's lawsuit against Vilox, Oracle's breach of contract claim stems from a contract to which only Vilox, and not Dr. De Bellis, was a party. And with respect to the patent-related claims, if Vilox is a third-party rather than a party, substitution would make it more difficult to obtain discovery from Vilox, such as discovery on the patents and their prosecution, conception and reduction to practice of the purported invention, licenses under the patents-in-suit, or the *Georgia-Pacific* factors. To the extent Vilox resists, a motion to compel compliance likely

would be heard by a Texas court, potentially leading to further inefficiencies.  Efficiency favors substitution.

Finally, Vilox's failure to obtain Delaware counsel is not a basis for the Court to substitute Dr. De Bellis into this case.  *See generally Vilox*, D.I. 43-51, *Oracle* D.I. 14-21.  The fact that the Patent Assignment was executed on the same day that Dr. De Bellis moved to intervene and substitute into these cases—the same date by which the Vilox Plaintiffs were ordered to have retained Delaware counsel—indicates that the assignment was intended for no purpose other than to circumvent the Court's orders.  Substitution is discretionary, and trial courts frequently refuse to substitute a purported successor-in-interest where the request to substitute "represent[ed] an attempt to circumvent the prohibition against corporate entities proceeding pro se." *See Baymont Franchise Sys. v. Bernstein Co.*, LLC, 2019 U.S. Dist. LEXIS 238744, at *6 (D.N.J. Dec. 13, 2019), *reconsid. denied*, 2020 U.S. Dist. LEXIS 106540 (D.N.J. June 17, 2020); *see also DLC DermaCare LLC v. Castillo*, 2012 U.S. Dist. LEXIS 160278 (D. Ariz. Nov. 8, 2012) (denying substitution where "the substitution of Mr. Mudd is nothing more an attempted end-run around the Court's repeated requirements that [corporate plaintiff] appear through counsel"); *Med. Supply Chain, Inc. v. Neoforma, Inc*., 2006 U.S. Dist. LEXIS 55500 (D. Kan. Aug. 7, 2007) (same), *reconsid. denied*, 322 F. App'x 630, 630-35 (10th Cir. 2009).  Oracle acknowledges that joinder will require Vilox to remain in the case and obtain Delaware counsel, which Vilox has not done despite the Court's multiple orders to do so.  But judicial economy would be best served by having all parties—Vilox, Dr. De Bellis, and Oracle—resolve all issues before this Court in the two pending related cases.  Dr. De Bellis has represented that Vilox's inability to retain Delaware counsel is a result of a financial disagreement with Vilox's Texas counsel.  *Vilox*, D.I. 48; *Oracle*, D.I. 18.  Oracle should not be penalized because of Vilox's financial disagreement with its counsel.

## V.     CONCLUSION

For the foregoing reasons, the Court should deny the motion to substitute Dr. De Bellis as a party in each case, but instead should grant the motion to intervene solely to permit Dr. De Bellis to join Vilox as an additional plaintiff in the '302 Case and an additional defendant in the '126 Case.

<table>
<tr>
<td></td>
<td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP</td>
</tr>
<tr>
<td></td>
<td><em>/s/ Brian P. Egan</em></td>
</tr>
<tr>
<td>OF COUNSEL:</td>
<td>_____</td>
</tr>
<tr>
<td></td>
<td>Jack B. Blumenfeld (#1014)</td>
</tr>
<tr>
<td>Jared Bobrow</td>
<td>Brian P. Egan (#6227)</td>
</tr>
<tr>
<td>Diana Rutowski</td>
<td>1201 North Market Street</td>
</tr>
<tr>
<td>Jason Yu</td>
<td>P.O. Box 1347</td>
</tr>
<tr>
<td>ORRICK, HERRINGTON</td>
<td>Wilmington, DE  19899-1347</td>
</tr>
<tr>
<td>  &amp; SUTCLIFFE LLP</td>
<td>(302) 658-9200</td>
</tr>
<tr>
<td>1000 Marsh Road</td>
<td>jblumenfeld@morrisnichols.com</td>
</tr>
<tr>
<td>Menlo Park, CA  94025</td>
<td>began@morrisnichols.com</td>
</tr>
<tr>
<td>(650) 614-7400</td>
<td></td>
</tr>
<tr>
<td></td>
<td><em>Attorneys for Plaintiff Oracle Corporation</em></td>
</tr>
<tr>
<td>Kristina D. McKenna</td>
<td></td>
</tr>
<tr>
<td>ORRICK, HERRINGTON</td>
<td></td>
</tr>
<tr>
<td>  &amp; SUTCLIFFE LLP</td>
<td></td>
</tr>
<tr>
<td>222 Berkeley Street, Suite 2000</td>
<td></td>
</tr>
<tr>
<td>Boston, MA  02116</td>
<td></td>
</tr>
<tr>
<td>(617) 880-1800</td>
<td></td>
</tr>
<tr>
<td></td>
<td></td>
</tr>
<tr>
<td>June 13, 2023</td>
<td></td>
</tr>
</table>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 13, 2023, upon the following in the manner indicated:

William P. Ramey, III                                         *VIA ELECTRONIC MAIL*
5020 Montrose Blvd., Suite 800
Houston, TX  77006
*Attorneys for Defendant*
*Vilox Technologies, LLC*

Joseph L. De Bellis, M.D.                                 *VIA ELECTRONIC MAIL*
josephdebellis@gmail.com

*/s/ Brian P. Egan*

_____
Brian P. Egan (#6227)